IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTOCELL LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-760-SLR |
| | ) | |
| CISCO SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of January, 2011, having heard oral argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of the patent in suit, U.S. Patent No. 7,369,858 ("the '858 patent"), as identified by the above referenced parties, shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. "**Access point**" is a wireless communications-capable device, or a wireless communications-capable device and its controller, that connects wireless stations with each other and with a wired network. With regard to controllers, defendant has admitted that controllers perform "[t]raditional roles of access points, such as association or authentication of wireless clients." (D.I. 141, ex. G at CA00020564) Therefore, controllers form a part of the access point when used.

2. "**Transmit power**" means the power at which the device's radio is configured

to transmit. Contrary to defendant's arguments, this is not the "active" or "calculated" power that is limited by hardware and regulatory constraints, but is the configured maximum power (as opposed to the theoretical or "hardware" maximum power of term 6) that is set in the access point's software, either during initial setup of the access point, by a system administrator, or subsequently by I.E. 150. (D.I. 141, ex. H at 54:17-55:17)

      3. **"Information indicative of an amount by which to attenuate transmit power"** means information indicating the amount by which the station is to reduce its power. The information "indicates how far from maximum power the sending access point's radio has been turned down." (Col. 8:66-9:2) An associated station then uses this value to adjust its radio transmission power. (Col. 13:8-11)

      4. **"Transmit backoff level that indicates how far the access point's power has been reduced"** means data representing the amount by which the access point's transmit power has been reduced from maximum. (Col. 8:66-9:2, 13:6-8) Defendant argues a narrower construction of this limitation, by alleging that plaintiff's use of "i.e." in the specification in conjunction with "transmit backoff level" defined the term, and requires that its value be expressed in units of dB, and not dBm.[1] (D.I. 143 at 15-16) However, the Federal Circuit has held that claim construction is not so narrow, and that a limitation must be read in light of its entire specification. *Pfizer, Inc. v. Teva Pharm.,*

---

[1] DBm and dB are two different types of measurements. DBm is an absolute level, and dB is a relative measurement. (D.I. 143, ex. 15 at 78:6-8) The cited language in the patent specification reads: "The potential power level at which a device might be heard can be determined when the transmit power backoff (i.e., the amount, in dB, by which the radio is turned down) in use by the device is also known." (Col. 28:28-31)

*USA, Inc.*, 429 F.3d 1364, 1373 (Fed. Cir. 2005). The transmit power backoff level is used interchangeably in the '858 patent's specification with the abbreviations "TP Backoff," "TP backoff" and TP_backoff." (D.I. 141 at 16) Consequently, the patent's specification encompasses broader definitions for the term.

5. **"Adjusting transmit power by the indicated amount"** requires reducing the station's transmit power by the amount by which the access point's power has been reduced. (Col. 13:6-12)

6. **"Maximum transmit power"** is the full transmit power of the station's ratio.[2] Defendant contends that this construction ignores the way that wireless networks operate due to regulatory restrictions, however, nothing in the patent specification indicates that this limitation should be limited to defendant's proposed construction of "the maximum power at which a device may transmit radio signals." (D.I. 143 at 25) In addition, this construction comports with Geier's expert opinion that "full transmit power is the – maximum transmit power of a radio without taking into consideration regulatory constraints." (D.I. 141, ex. H at 102:23-103:1)

_____
United States District Judge

---

[2] That is, the theoretical or "hardware limited" transmit power of the station.

3